UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
: Civil No.
: 21 MC 97 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION       : This Order relates to:
: 07 CV 8399 (AKH)
: CHRISTINE K. FISHER v.
: AMR CORPORATION, et al.
:
------------------------------------x

## ORDER OF FINAL JUDGMENT

ALVIN K. HELLERSTEIN, U.S.D.J.:

WHEREAS, plaintiff CHRISTINE K. FISHER, and the defendants AMERICAN AIRLINES, INC., AMR CORPORATION and ARGENBRIGHT SECURITY, INC., the parties to an action captioned *Fisher v. AMR Corporation, et al.*, 07 Civ. 8399 (AKH), entered into a settlement agreement dated February 28, 2008, and defendants have brought a Motion for an Order: (1) approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act applies to the settlement amount; and (4) dismissing the Complaint with prejudice as to all defendants;

WHEREAS, the Court has reviewed the settlement and finds that it is fair and reasonable and has been reached in good faith;

WHEREAS, the settlement agreement provides that defendants will have no obligations thereunder, and no payment will be made to the plaintiff, unless and until a final judgment is entered in accordance with its terms and the time for appeals has been exhausted and a final ruling has issued that the full amount paid under the settlement counts against the limits on

1

liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA");

WHEREAS, amounts to be paid under the settlement agreement constitute liability on a claim arising from the terrorist related aircraft crashes of September 11, 2001 within the meaning of Section 408(a)(1);

WHEREAS, there is no just reason to delay the entry of final judgment in accordance with the terms of the settlement agreement; and

WHEREAS, any delay in the entry of judgment would deny the family of a victim of the September 11 terrorist attacks a chance to achieve closure, prolong litigation when a negotiated resolution is at hand, and create uncertainty and confusion;

NOW, THEREFORE IT IS ORDERED THAT:

1. The settlement agreement is hereby approved and the parties are directed to effectuate the settlement in accordance with its terms.

2. The full amount of all payments under the settlement agreement shall count against the limits on liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act.

3. This case is severed from all other cases consolidated in 21 MC 97.

4. Final judgment in accordance with the terms of the settlement agreement shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

5. The Complaint in *Fisher v. AMR Corporation., et al.*, 07 Civ. 8399 (AKH), is hereby dismissed with prejudice as to all defendants.

This constitutes the final judgment of the Court, there being no just reason for delay. Fed. R.

Civ. P. 54(b). The Clerk is instructed to close the file of this severed case.

Dated: New York, New York
       This ___ day of _____ 2008.

                                              _____
                                              ALVIN K. HELLERSTEIN
                                              United States District Judge